**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MILLENNIUM TGA, INC. | ) | |
| | ) | CASE NO.: 10 CV 5603 |
| Plaintiff, | ) | |
| | ) | Judge Blanche M. Manning |
| v. | ) | |
| | ) | Magistrate Judge Michael T. Mason |
| DOES 1 – 100 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Millennium TGA, Inc. ("Millennium") respectfully moves the Court for leave to file Plaintiff's First Amended Complaint.

1.      Millennium seeks leave of this Court to file its First Amended Complaint, in order to add Does 101-800 as defendants.

2.      Millennium filed its Original Complaint seeking injunctive and other relief in this matter on September 2, 2010.

3.      Since that date, and as described in the Original Complaint, Millennium has continued to monitor the BitTorrent-based infringement of its copyrighted creative works, and virtually every one of its publications has continued to be a target of the same rampant Internet-based infringement described in the Original Complaint. Upon information and belief, the Does which Millennium wishes to add as defendants were all engaged in such behavior.

4.      Under Federal Rule 15, the court "should freely give leave" to file an amended complaint "when justice so requires." Fed. R. Civ. P. 15(a). A complaint merely serves to put defendants on notice, and should be "freely amended or constructively amended as the case

develops, as long as amendments do not unfairly surprise or prejudice defendants." *Lockett v. Conlon,* 561 F. Supp. 2d 970, 974 (N.D. Ill. 2008) (citing *Umar v. Johnson*, 273 F.R.D. 494, 503 (N.D. Ill. 1997)). The rule "reflects a liberal attitude towards the amendment of pleadings – a liberality consistent with and demanded by the preference for deciding cases on the merits." *Duthie v. Matria Heathcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) (citing *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

5.     "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bower v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992) (reversing denial of leave to amend where new facts discovered near end of discovery).

6.     No such reason is present here, and Millennium respectfully submits that leave to amend is warranted.

7.     First, Millennium's motion is not the result of undue delay. To the contrary, it has been filed as early as was reasonably practicable. The additional Does were not identified until after the date of the Original Complaint. *See Allstate Ins. Co. v. St. Anthony's Spine & Joint Inst.*, No. 06 C 7010, 2010 WL 3274283, *4 (N.D. Ill. Aug. 17, 2010) (granting leave to amend as timely where "there is no indication that Plaintiff could have filed its motion at an earlier juncture in the case").

8.     Second, Millennium's First Amended Complaint is not being filed for a dilatory purpose. In filing its First Amended Complaint, Millennium does not seek to gain additional

discovery, *Camp v. Centrue Fin Corp.*, No. 08-4020, 2010 WL 1333811, *11 (N.D. Ill. March

31, 2010) (granting leave to amend where, because plaintiff did not seek additional discovery,

defendants were not prejudiced), or to delay any aspects of its case. Instead, Millennium simply

seeks to add additional Doe Defendants to its claim to combat the systemic infringement of its

copyrighted creative works.

9.      Third, the existing Doe Defendants will not be unduly prejudiced or surprised by

the First Amended Complaint. Millennium is not seeking to amend or add to any of its causes of

action; Millennium is merely adding to this action additional defendants who participated in the

same peer-to-peer networks as the currently-named Defendants. *United States ex rel. Clay v.

Hulick*, No. 02 C 8370, 2006 WL 756028, *3 (N.D. Ill. March 22, 2006) (J. Coar) Case: 1:10-cv-

06024 Document #: 57 Filed: 10/26/10 Page 3 of 7 PageID #:779 - 4 - CHI-1777099v1

("because this amendment makes no substantive change to the remaining claims in the petition,

but essentially grounds claim one on fats [sic] identical to those asserted for claims two and five,

the amendment does not prejudice the State").

10.     Finally, Millennium's amendment is not futile. An amendment is only "futile if it

sets forth facts or legal theories that are redundant, immaterial, or unresponsive to the allegations

in the complaint." *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th

Cir. 2002) (citing *DeSalle v. Wright*, 969 F.2d 273, 277-78 (7th Cir. 1992)). Millennium is

adding additional defendants, not redundant facts.

11.     If Millennium is not allowed to add the additional Does as defendants,

Millennium will be forced to institute an additional lawsuit against the Does for copyright

infringement. The legal issues and evidence in that case, and in particular the issues and evidence

surrounding discovery, would be virtually identical to the issues and evidence in this case.

Having separate cases pending would be contrary to the efficient resolution of Millennium's copyright infringement claims.

      WHEREFORE, Plaintiff, Millennium, respectfully requests this Court grant it leave to file its First Amended Complaint.


      Respectfully submitted,

      Millennium TGA, Inc.

**DATED:** November 1, 2010

      By:    /s/ John Steele_____
           John L. Steele (Bar No. 6292158)
           Steele Law Firm, LLC
           161 N. Clark St.
           Suite 4700
           Chicago, IL 60601
           312-893-5888;  Fax 312-893-5604
           john@steele-law.com
           *Attorney for Plaintiff*