# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 5603 | DATE | March 31, 2011 |
| CASE TITLE | *Millenium TGA Inc. v. Does 1-800* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the court sua sponte severs all of the defendants except Doe IP address 68.239.158.137 for improper joinder. All other Doe defendants are severed from the case without prejudice to the plaintiff filing suit against them individually in the proper forum. The plaintiff shall immediately proceed with the notification procedures to all of the severed Doe defendants as detailed in this order. The pending motions to quash [Dkt. #43, 46, 49, 54] are denied as moot. Doe IP Address 68.239.158.137's motion to quash [Dkt. #39] is granted. Doe IP address 68.239.158.137 need not respond to the subpoena; in the interim, the plaintiff has until April 11, 2011, to either amend the complaint to name Doe IP address 68.239.158.137 as a defendant or dismiss the case in its entirety.

■[ For further details see text below.]

00:00

# STATEMENT

The plaintiff, Millenium TGA Inc., brought suit alleging that John Does 1-800 infringed its copyright by illegally reproducing and distributing over the Internet the plaintiff's creative works. The amended complaint alleges that the defendants downloaded the works using BitTorrent protocol under which users distribute data directly to one another rather than obtaining the files from a central server. The actual names of the defendants were unknown to the plaintiff; instead, the only means of identifying the defendants was through an Internet Protocol ("IP") address, which is a unique number assigned to a computer. On September 13, 2010, this court granted the plaintiff leave to subpoena certain Internet service providers ("ISP") to obtain the identity of the persons associated with the allegedly offending IP addresses identified in the First Amended Complaint.

Several of the Doe defendants have filed motions to quash the subpoenas [Dkt. ## 39, 43, 46, 49, 54] for lack of personal jurisdiction. The magistrate judge, to whom this case has been referred to supervise discovery, recently set a briefing schedule for these motions. Because the court sua sponte concludes that all of the Doe defendants except one have been improperly joined, the pending motions to quash at docket entries 43, 46, 49, and 54 are denied as moot.

Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Further, Fed. R. Civ. P. 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

**STATEMENT**

    In other similar types of copyright cases, some courts have ordered that Doe defendants be severed. For example, in *LaFace Records, LLC v. Does 1-38*, No. No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court granted a motion to sever under facts similar to those existing in this case, stating:

> The moving defendants argue that plaintiffs have failed to show that the copyright infringement claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences. (Defs.' Mem. at 12-16). The court agrees. Plaintiffs argue that the claims asserted against the various defendants arise out of the same series of transactions because each defendant used the same ISP as well as some of the same P2P networks "to commit the exact same violation of the law in exactly the same way." (Plfs .' Resp. at 22). However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder.
>
> In similar cases, other courts have commonly held that where there is no assertion that multiple defendants have acted in concert, joinder is improper. *See BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (sua sponte severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement); *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (magistrate judge recommended sua sponte severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this court finds that defendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20. This court will sever not only the moving defendants from this action, but all other Doe defendants except Doe 2. *See BMG Music v. Does 1-203*, No. 04-650, 2004 U.S. Dist. LEXIS 8457, at *2, *4, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its sua sponte order of severance of all but one Doe defendant).

*Id*. at *2.

    This court agrees with the above reasoning and concludes that Rule 20(a)(2)(A) has not been satisfied. Moreover, given the number of "potential" defendants (*i.e.*, Does 1-800), this court could be faced with dozens if not hundreds of factually unique motions to dismiss, quash or sever from potential defendants located all over the country with no discernible ties to this district. Indeed, at least five motions to quash have been filed in this case in the past week.

    The court's decision to order severance is reinforced by its concerns regarding the plaintiff's choice of venue. The plaintiff's complaint points to no facts indicating why venue is appropriate in the Northen District of Illinois. The plaintiff is a Hawaii corporation with its principal place of business in California. As far as the plaintiff knows, none of the defendants are located in Illinois and it merely alleged, without any basis the court can discern, that "on information and belief each Defendant may be found in this district and/or a substantial part of the acts of infringement complained of herein occurred in this District." Amended Comp. at ¶7. Indeed, apparently none of the Doe defendants who have filed motions to quash are located in Illinois and it appears that easily accessible tools exist to verify the locations of the IP addresses of the other named Doe defendants, *see, e.g.*, http://whois.arin.net/ui/, many (if not all) of which are not located in Illinois.

**STATEMENT**

  For these reasons, all Doe defendants, except Doe IP address 68.239.158.137, are severed from this case without prejudice to the plaintiff filing suit against them individually.  The plaintiff shall, within 7 days of the date of this order, notify the internet service providers that have been subpoenaed that the subpoena is sua sponte quashed, to cease and desist all efforts to identify the users of the relevant IP addresses, and to have the internet service providers immediately notify anyone to whom they have previously given notice of the subpoena of this dismissal order.  Moreover, as to all of the IP addresses for which the plaintiff has received identifying information, the plaintiff shall, within 7 days of the date of entry of this order, send via U.S. Mail the instant order to those users along with a letter notifying them that they are no longer potential defendants in the instant litigation.

  With respect to Doe IP address 68.239.158.137's motion to quash for lack of personal jurisdiction, the motion is granted.  Doe IP address 68.239.158.137 need not respond to the subpoena at this time; in the interim, the plaintiff has until April 11, 2011, to either amend the complaint to name Doe IP address 68.239.158.137 as an actual defendant in this case or dismiss the case in its entirety.  In the event that the plaintiff amends the complaint to name Doe IP address 68.239.158.137 as a defendant, Doe IP address 68.239.158.137 may renew its motion to quash for lack of personal jurisdiction.

RH/p