# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC. | ) |
| | ) |
| Plaintiff, | ) No. 10-CV-05603 |
| | ) |
| v. | ) Hon. Blanche MANNING |
| | ) |
| DOES 1 – 800, | ) Mag. Judge Michael MASON |
| | ) |
| Defendants. | ) |
| | ) |

## MOTION BY JOHN DOE # 98.194.100.252
## TO QUASH SUBPOENA DUCES TECUM AND
## FOR COSTS AND FEES PURSUANT TO 17 U.S.C. § 505

Movant, JOHN DOE (identified by Internet Protocol "IP" number 98.194.100.252) (hereafter "Doe # 252"), by the through his/her counsel Sidney Ezra, moves the Court to quash the Subpoena Duces Tecum of November 8, 2010 on Comcast Cable Holdings, LLC. To disclose his/her identity (name, address, telephone number and e-mail address), on grounds of lack of personal jurisdiction and denial of due process, based on the following:

### I. Timely Objection

This motion is made within the deadline given movant by the Comcast letter sent to him/her, namely: by 11 April 2011.

### II. Burden of Proof

Plaintiff must sustain a burden of proof by making a *prima facie* showing of facts sufficient to establish personal jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir., 2003); *Clemens v. McNamee*, 615 F.3d 374, 378 (10th Cir., 2010).

### III. Constitutional Standard

Personal jurisdiction has at least two requirements, namely: 1) that the defendant have at least minimum contacts with the forum jurisdiction; and 2) that requiring the defendant to respond and put on any defense would not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Asahi Metal Industry Co., Ltd. v. Superior Court of California,* 480 U.S.102, 108-10 (1987). Plaintiff has failed to allege any specific concrete contact by this Doe # 252 with the State of Illinois, and thus has not met the Constitutional standard.

### IV. Generalized Allegations Are Insufficient

Plaintiff has alleged (¶ 7 of Corrected First Amended Complaint, dated Nov. 19, 2010), "on information and belief," "that each Defendant **may** be found in this District [Northern Illinois] and/or a substantial part of the acts of infringement complained of herein ["distributed and offered to distribute over the internet" Plaintiff's copyrighted works] occurred in this District." Such generalized allegations would create a universal jurisdiction, as further indicated in the same ¶7 (the distribution "occurred in every jurisdiction in the United States, including this one"), which have been held insufficient to meet legal and Constitutional requirements. *Jennings v. AC Hydraulic A/S,* 383 F.3d 546, 550 (7th Cir. 2004); *Dadnikov v. Chalk & Vermillion,* 514 F.3d 1063, 1072 (10th Cir. 2008).

### V. This Defendant Denies The Allegations With Facts to the Contrary

This Defendant Doe # 252 provides in support of this Motion his/her attached Declaration refuting those generalized allegations, and stating specifically that he/she has never had any of the traditional contacts within the State of Illinois (¶s 5 & 6 of attached Declaration), nor has he/she engaged in any infringement of transsexual adult entertainment videos/photos or other material for which Plaintiff claims copyright protection, nor cooperated with others who could be among the other 799 Defendant Does in this case (¶7).

## VI. This Doe # 252 Claims Protectable Rights Involved Here

This Doe # 252 also claims ownership of internet equipment used for expression and services identified by his/her IP number for purposes of anonymity, both of which are entitled to First Amendment protection against unreasonable searches, such as by the subpoena involved here. *Reno v. American Civil Liberties Union*, 521 U.S. 844, 853 (1997); *Salehoo Group, Ltd. v. ABC Company*, 722 F.Supp2d 1210, 1213-14 (W.D. Wash. 2010)

## VII. Fees and Costs to the Prevailing Party

To discourage such loose pleadings, which require a defendant such as Doe # 252 here, to retain legal services in the forum state, appear, and defendant him/herself, Congress enacted 17 U.S.C. § 505, which entitles the defendant to recover costs and reasonable attorney's fees made necessary by those pleadings. *Fogarty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008).

WHEREFORE, the Subpoena Duces Tecum should be quashed as to this Defendant Doe # 98.194.100.252, and he/she should be awarded his/her reasonable attorneys fees and costs of this defense.

Respectfully submitted,
for Doe # 98.194.100.252

By: __Theodore T. Scudder__
Theodore T. Scudder

Bar No. 2535619
Theodore T. Scudder
Sidney Ezra Law Offices
55 W. Wacker Drive, 9th fl.
Chicago, Illinois 60601
Tel.: (312) 357-8888
Fax.: (312) 357-8889
Sidney_ezra@sbcglobal.net

- 3 -

## CERTIFICATE OF SERVICE

I, an attorney, hereby certify that the foregoing MOTION TO QUASH SUBPOENA DUCES TECUM AND FOR COSTS AND FEES by Defendant JOHN DOE # 98.194.100.252, WAS FILED WITH THE Clerk of Court using the ECP system, on April 8, 2011, and thereby served on all counsel of record.

By: __Theodore T. Scudder__
Theodore T. Scudder