FILED
APR - 8 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| Millennium TGA, inc. | ] | Case No. 10-CV-05603 |
| | ] | |
| v. | ] | Judge: Blanche M. Manning |
| | ] | |
| Does 1-800 | ] | |

## DEFENDANT'S MOTION FOR RECONSIDERATION TO JUDGE'S MARCH 31, 2011 RULING

### Introduction

Defendant, John Doe 68.239.158.137, naturally agrees with the court's decision to quash the subpoena. Furthermore, it agrees with severance of defendants. However, it is John Doe 68.239.158.137 that should have been severed from this complaint, as it best matches the relief sought, comports with notions of fundamental fairness, and follows the long-standing practice of severing all defendants except the first nonmovant. John Doe 68.239.158.137 is neither a nonmovant nor the first defendant in the complaint ( Doe #719 in the complaint) nor the first defendant to make an appearance in this court, which was Evers Michel [Dkt. #27].

### Argument

**I. Precedents of Severance.**

In this court's own ruling it cites the relevant passage from *LaFace Records, LLC v. Does 1-38,*

1

No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), in which the court specifically severed movants first and foremost. Doe 1 was a movant, which is why only Doe 2 remained. The court stated:

> **This court will sever not only the moving defendants from this action**, but all other Doe defendants except Doe 2. *See BMG Music v. Does 1-203*, No. 04-650, 2004 U.S. Dist. LEXIS 8457, at *2, *4, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its sua sponte order of severance of all but one Doe defendant). [emphasis added]

In *AXEL BRUN PRODUCTIONS v. Does 1-7098*, No. 3:10-cv-112 and *WEST COAST PRODUCTIONS, INC., v. Does 1-535*, No. 3:10-cv-00094-JPB -JES (N.D.W.V. December 23, 2010) the court decided in both cases:

> [T]his Court chooses the route of severance. In fact, **this Court will sever all Doe defendants except Doe 1.** *See BMG Music v. Does 1-203*, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its *sua sponte* order of severance of all but one Doe defendant). [emphasis added]

In a General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, the court decided:

2

> Because these four suits are in actuality 254 separate lawsuits, the Court sua sponte will dismiss without prejudice **all but the first defendant in each case**. [emphasis added]

In *LFP Internet Group LLC v. Does 1-3, 120*, No. 3:10-cv-02094-F (N.D.TX Feb. 10, 2011), *LFP Internet Group LLC v. Does 1-3, 120*, No. 3:10-cv-02095-F (N.D.TX Feb. 10, 2011), and *LFP Internet Group LLC v. Does 1-3, 120*, No. 3:10-cv-01863-F (N.D.TX Feb. 10, 2011), the court severed all but the first defendant from each complaint, stating:

> Plaintiff only alleges in its Amended Complaint that each defendant uses the same method for committing the infringement, but "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." West Coast Prods., Inc. v. Does 1-535, No. 3:1O-CV-94 (N.D. W. Va. Dec. 16, 2010) **(order severing all defendants from action except Doe 1)** (quoting La/ace Records, LLC v. Does 1-38, 2008 WL 544992, *2 (E.D.N.C. Feb. 27, 2008)). [emphasis added]
>
> In fact, several courts agree that where there is no allegation that multiple defendants have acted in concert, joinder is improper. See, e.g. Fonovisa Inc. et al. v. Does 1-41, No. A-04-CA-550-L Y (W.D. Tex. Nov. 17,2004) (**sua sponte dismissing without prejudice all but the first defendant** in several cases filed by recording companies against numerous Does accused of violating federal copyright laws by downloading music from an "online media distribution system"); *BMG Music* v. *Does* 1-4,2006 U.S. Dist. LEXIS 53237, *5-6 (N.D. Cal. July 31,2006) [emphasis added]

The practice of severing all but the first defendant is not unique to cases with unnamed defendants. In *FINISAR CORPORATION, a Delaware corporation, v. SOURCE PHOTONICS, INC., a Delaware corporation, MRV COMMUNICATIONS, a Delaward corporation,*

3

*NEOPHOTONICS CORPORATION, a Delaware corporation, and OPLINK COMMUNICATIONS INC., a Delaware corporation*, No. 3:10-cv-00032-WHA, (N.D. Ca. May 5, 2010), the court issued an "ORDER SEVERING PARTIES DUE TO MISJOINDER AND **DISMISSING ALL BUT THE FIRST NAMED DEFENDANT**" [emphasis added]

**II. Notions of Fundamental Fairness.**

John Doe 68.239158.137, was the initial movant to object to being joined to the complaint. Serving all the nonmovants, who have no objection, but not the movant, who does object, is not only incongruous, it also has the appearance, intentional or not, of penalizing the defendant for defending itself and dissuades future defendants from defending themselves. As such it does not comport with notions of fundamental fairness.

**III. Precedent of Modifying Severance.**

In a similar case, *Arista Records LLC et al v. Does 1-11*, No. 1:07-CV-2828 (N.D.OH. Feb. 27, 2008), the court initially severed all but the movant, but quickly reversed that decision on objection from the movant:

> As noted, both Defendant Doe #9 and Plaintiffs have filed objections to this portion of the Magistrate Judge's R&R (Docs. 20, 21). Defendant Doe #9 agrees with the Magistrate Judge's recommendation that joinder is inappropriate, but argues that the Magistrate Judge recommended the wrong remedy. Instead of dismissing without prejudice all Doe Defendants except *Defendant Doe #9*, Defendant Doe #9 submits that his or her motion requested, and logic dictates, that the Court should dismiss all Defendants except *Defendant Doe #1*.

4

> [T]he Court believes that **all Doe Defendants, except Defendant Doe #1, should be severed, as this remedy more closely parallels the relief requested in Defendant Doe #9's motion and is consistent with other orders issued by district courts in similar cases.** *See, e.g.,* LaFace Records LLC, 2008 U.S. Dist. LEXIS 14544, at *8 (**severing all doe defendants except one, the first non-moving doe defendant remaining in the action**). Accordingly, the Court hereby severs all remaining Doe Defendants, except Defendant Doe #1, from this action. [emphasis added]

Similarly, John Doe 68.239.158.137 stated in its motion to quash its desire that the complaint "ultimately be dismissed for lack of personal jurisdiction." (page 11) The court has granted that motion, which further supports that it is John Doe 68.239.158.137 who was wrongly joined and should be severed as was clearly the defendant's 'ultimate' goal. The motion was most definitely not requesting the court to dismiss everyone but John Doe 68.239.158.137.

### Conclusion

For the foregoing reasons, John Doe 68.239.158.137, who is neither the first defendant in the complaint nor a nonmovant, requests to be severed from this complaint, and suggests that the only remaining defendant should be the first nonmovant, as is standard in misjoinders.

Respectfully submitted,
John Doe 68.239.158.137

By: /s/ John Doe 68.239.158.137
Pro Se
John Doe
JohnDoe68.239.158.137@mail.com

5

## Certificate of Service

I hereby certify that the foregoing DEFENDANT'S MOTION FOR RECONSIDERATION TO JUDGE'S MARCH 31, 2011 RULING was sent to the plaintiff's attorney John Steele at Steele Law Firm, LLC 161 N Clark St Ste 4700 Chicago, IL 60601 via first class mail (priority mail), on April 5, 2011.

By: /s/ John Doe 68.239.158.137
Pro Se
John Doe
JohnDoe68.239.158.137@mail.com
