IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MILLENNIUM TGA, INC. | ) | |
| | ) | CASE NO.: 10 CV 5603 |
|     Plaintiff, | ) | |
| | ) | Judge: Blanche M. Manning |
| v. | ) | |
| | ) | Magistrate Judge: Michael T. Mason |
| DOES 1 – 100 | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF COMPLIANCE IN RESPONSE TO THE COURT'S APRIL 19, 2011 ORDER**

    Plaintiff Millennium TGA, Inc., through its undersigned counsel, respectfully submits this memorandum in response to the Court's order of April 19, 2011.

**PROCEDURAL HISTORY**

    On March 31, 2011 the Court issued an order severing all but one Doe defendant from this case. In its order, the Court established a notification procedure to be completed on or before April 7, 2011. On April 19, 2011, eight business days after the Court's compliance deadline, the Court ordered plaintiff to file a memorandum detailing how it complied with the notice provisions contained in the Court's order.

**DISCUSSION**

    On Thursday March 31, 2011 Plaintiff's counsel received electronic notification of the Court's order severing this case. After reviewing the order, Plaintiff's counsel immediately ceased all efforts to identify users of the relevant IP addresses. Starting Monday April 2, 2011, Plaintiff's counsel began the time-intensive process of notifying Internet Service Providers and putative Defendants.

With respect to the Internet Service Provider notices, Plaintiff's counsel drafted, printed and mailed letters to each of the roughly seventy-nine Internet Service Providers to which it had previously issued subpoenas in this case. The mailing addresses used by Plaintiff's counsel were the exact addresses on the original subpoenas, except in cases where Plaintiff's counsel was aware of a change in address. The letters informed the Internet Service Providers that the subpoenas had been quashed and instructed the Internet Service Providers to notify their users that the case had been severed and that the users were no longer putative defendants in this case. All of these letters were mailed on or before April 7, 2011. To date, Plaintiff's counsel has not received any letters marked "Return to Sender", and based on this it believes that all or substantially all of the letters have reached their intended recipient. Moreover, during the week of April 11, 2011, Plaintiff's counsel addressed inquiries from multiple Internet Service Providers and assisted the providers in complying with the Court's order.

Plaintiff's counsel followed a similar procedure with respect to the putative defendants. Starting Monday April 2, 2011, Plaintiff's counsel began the process of notifying the putative defendants of the Court's order. Specifically, Plaintiff's counsel issued letters containing the Court's instructed language and enclosed a copy of the Court's order. The mailing addresses used by Plaintiff's counsel were the mailing addresses provided by the account holders' Internet Service Providers. All of these letters were mailed on or before April 7, 2011.

Plaintiff's counsel believes that the Court's notice procedures have been effective. First, Plaintiff's counsel has been contacted by several attorneys representing now-severed putative defendants who received a notice from Plaintiff or their Internet Service Provider, but wanted to resolve any potential liability with respect to Plaintiff's copyright infringement claims. Second, as discussed above, Plaintiff's counsel has addressed inquiries from Internet Service Providers

regarding compliance with the Court's order. Third, the Court's order was publicized on a number of popular Internet-based publications, not to mention by users of piracy websites who purportedly received the Court-directed notice from Plaintiff's counsel. Fourth, Plaintiff's monitoring agents have observed a recent substantial uptick in the number of Plaintiff's copyrighted files being uploaded to adult content piracy websites. Finally, Plaintiff's counsel followed the same procedures for the *Lightspeed* case that was also severed by this Court which, based on the absence of a similar order in that case, appears to be successfully providing notice thus far.

Plaintiff's counsel would respectfully submit to the Court that only twelve calendar days and eight business days have passed since the expiration of the Court's compliance deadline. Internet Service Provider letters that were mailed on April 5, 2011, for example would likely have arrived in the hands of the subpoena compliance team of the respective provider no earlier than Monday April 11, 2011. From there, the subpoena compliance team would presumably be required to collect data about what users needed to be notified and prepare a compliance plan. Even if letters to subscribers went out the following day, which would be an aggressive schedule, subscribers would not have started receiving the letters until late last week/early this week. And when the putative defendants received a notice from their ISP, many consulted with counsel and some presumably inquired with the Court to confirm the content of Plaintiff's notice.

At the Court's direction, Plaintiff's counsel would be pleased to supplement any of the matters discussed herein.

[intentionally left blank]

Respectfully submitted,

MILLENNIUM TGA, INC.

**DATED:** April 20, 2011

By: /s/ John Steele
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160;  Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*

-4-

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on April 20, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

                                          s/ John Steele
                                          JOHN STEELE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MILLENNIUM TGA, INC. | ) | |
| | ) | CASE NO.: 10 CV 5603 |
| Plaintiff, | ) | |
| | ) | Judge: Blanche M. Manning |
| v. | ) | |
| | ) | Magistrate Judge: Michael T. Mason |
| DOES 1 – 100 | ) | |
| | ) | |
| Defendants. | ) | **AFFIDAVIT OF ATTORNEY** |
| | ) | **JOHN STEELE** |
| | ) | |

I hereby swear or affirm that:

1. I am the attorney representing Plaintiff Millennium TGA, Inc. in this case.

2. On March 31, 2011 I was notified of the Court's order which severed the case to one Doe Defendant and quashed all outstanding subpoenas.

3. As soon as I was made aware of the Court's order, I instructed the relevant staff members at my firm to immediately discontinue all discovery efforts with respect to this case.

4. Starting Monday April 2, 2011, in accordance to the Court's order, staff at my firm began drafting, printing and mailing letters to Internet Service Providers and putative defendants.

5. The letters to the Internet Service Providers informed them that all outstanding subpoenas in this case had been quashed and directed them to inform their subscribers that they are no longer defendants in this case. These letters were mailed on or before April 7, 2011.

6. The letters to the putative defendants in this case informed the parties that they were no longer defendants in this case. As directed by the Court, a copy of the Court's order was enclosed with the letters to the putative defendants.

7. Since issuing the letters, I have received multiple calls from attorneys regarding the notice issued by our office pursuant to the Court's order.

8. Our office has also received multiple inquiries from Internet Service Providers requesting additional assistance in complying with the Court's Order, which our office provided.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 20, 2011, in Chicago, IL.

_____
John Steele