IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | CASE NO. 10-cv-5603 |
| Plaintiff, | Judge: Hon. Blanche M. Manning |
| | Magistrate Judge: Hon. Michael T. Mason |
| v. | |
| | **PLAINTIFF'S MEMORANDUM OF LAW** |
| DOE, | **IN OPPOSITION TO DEFENDANT'S** |
| | **MOTION FOR SANCTION OF** |
| Defendant. | **DISMISSAL WITH PREJUDICE** |

An individual self-identified as John Doe 68.239.158.137 ("Movant") moved the Court, *pro se*, to dismiss Plaintiff's complaint "with prejudice for fraud upon the court and on the grounds that Plaintiff's attorney's conduct constitutes unclean hands and bars equitable remedy." (Mot. for Sanctions to Dismiss with Prejudice, Doc. #91 [hereinafter Mot. for Sanctions].) Plaintiff submits the memorandum of law in response to Movant's motion.

## ARGUMENT

The Court should deny Movant's motion because he fails to allege facts that would justify his requested form of relief. Dismissal for misconduct is an extreme sanction generally appropriate only in extraordinary circumstances. *Perna v. Electric Data Systems Corp.*, 916 F. Supp. 388, 398 (D.N.J. 1995). In one of the cases cited by Movant, the plaintiff engaged in conduct described by the court as "a litany of lies" and "numerous acts of perjury, fabrication of evidence [and] obstruction of justice." *Vargas v. Peltz*, 901 F. Supp. 1572, 1578 (S.D. Fla. 1995). The other case cited by Movant involved an action where a district court dismissed a case for want of prosecution where petitioner's counsel was deemed to have deliberately proceeded in a "dilatory fashion." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962).

Movant argues that "Plaintiff's Attorney Intentionally Committed Fraud." (Mot. for Sanctions, at 2), though Movant does not specifically point to any fraudulent conduct. (*See Id.*, at 1-4.) Movant begins his brief by discussing whether he is a named and served defendant (*Id.*, at 2.) Far from being fraudulent, the language held up as fraudulent by Movant is instead plainly true. Plaintiff has named John Doe 68.239.158.139 as the Defendant in this action. Whether Movant is the Doe Defendant associated with that IP address has yet to be established, where Plaintiff has yet to be allowed to discover Movant's identity. Thus, it is literally impossible for Movant to have been named as a defendant, served or made party to this case.

Movant's second argument is similarly misaimed. Movant complains that in one pleading, Plaintiff alleged that Doe Defendant 68.239.158.137 directed infringing activity into the State of Illinois, but in another pleading Plaintiff only speculates that Movant may have done so. (*Id.*, at 3.) As before, there is no inconsistency between these statements because Movant is not necessarily the Doe Defendant in this action. Whereas Plaintiff has information to support its allegation that the Doe Defendant directed infringing activity into the State of Illinois, it can only speculate as to whether Movant did the same until it learns Movant's identity.

Finally, even if all of Movant's allegations were unequivocally true, such allegations do not warrant a sanction of dismissal with prejudice. Dismissal with prejudice is an extreme remedy available in extraordinary situations. *Perna*, 916 F. Supp. at 398. At most, Movant has identified *de minimus* inconsistencies among Plaintiff's pleadings. Such minor inconsistencies fall far short of the "extraordinary circumstances" standard required for the extreme sanction of dismissal with prejudice.

[intentionally left blank]

Respectfully submitted,

MILLENNIUM TGA, INC.

**DATED:** June 13, 2011

By: /s/ John Steele
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160; Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 13, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ John Steele
JOHN STEELE
