**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED

JUN 17 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Millennium TGA, INC. | ) | Case No. 10-CV-05603 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Judge: Blanche M. Manning |
| | ) | |
| DOE | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSTION TO MOTION FOR SANCTION OF DISMISSAL WITH PREJUDICE

In its Renewed Motion to Quash, this Defendant pointed out Steele's naming deception in submitting an amended complaint that continued to list the party simply as "DOE." Plaintiff is acutely aware it was ordered to name Movant:

> In its Order, the Court instructed Plaintiff to amend its complaint to **name Movant 68.239.158.137 as a defendant** or dismiss this case in its entirety.
>
> **Pursuant to the Court's Order, Plaintiff respectfully submits this second amended complaint.**" (Second Amended Complaint , page 2) [emphasis added]

Instead of naming Movant, he simply resubmitted a complaint that listed IP address 68.239.158.139. Shockingly, Steele's Response admits he never had any intention of following the Court's "impossible" order:

> Plaintiff has named John Doe 68.239.158.139 as the Defendant in this action.

1

> Whether Movant is the Doe Defendant associated with that IP address has yet to
> be established, where Plaintiff has yet to be allowed to discover Movant's
> identity. Thus, **it is literally impossible for Movant to have been named as a
> defendant**, served or made party to this case. (page 2) [emphasis added]

First, there are many instances of anonymous defendants. Second, it most certainly has been established that "Movant is the Doe Defendant associated with that IP address." This Defendant swore to such in its Declaration and included a copy of the subpoena, which only the ISP subscriber would have access to. It's clear this is established in the eyes of the Court, which quashed the subpoena on motion, not sua sponte: "Doe IP Address 68.239.158.137's motion to quash [Dkt. #39] is granted." (April 11 Court Order)

Regardless if Steele believed the Court erred in its "impossible" order to name Movant that is something that should have been addressed in a motion to reconsider or on appeal, not by disregarding the order and pretending to comply to keep the case from being dismissed. Even if the Court indulged Steele in his ridiculous game that not knowing someone's actual identity means they can't be named then this doppelganger John Doe 68.239.158.139 was not named either as it now claims it did. Furthermore, if the Movant, is not is not the infringing John Doe 68.239.158.139 and Movant is a nonparty as Plaintiff suggests, that is even more reason not to release the personal information of a nonparty.

Steele's Response to activity in Illinois is equally dubious:

> Whereas Plaintiff has information to support its allegation that the Doe Defendant
> directed infringing activity into the State of Illinois, **it can only speculate as to**
> **whether Movant did the same** until it learns Movant's identity. (page 2)
> [emphasis added]

As this Defendant has already pointed out, Plaintiff has shown no factual evidence such as screenshots or even factual allegations that any Doe directed activity, specifics such as when, how much, and to who in Illinois was the file transferred. More over, Plaintiff now admits "it can only speculate as to whether Movant did the same." If all Plaintiff has is speculation in regards to the IP address owner (this Defendant) than it's preposterous to believe it has credible information on this speculative second John Doe.

It was already clear that the Plaintiff's Attorney, John Steele, lied. The only question was whether he lied in the Second Amended Complaint by claiming it was "Pursuant to the Court's Order" or in his Response by claiming Movant had not been named. Bizarrely, Steele has admitted to the former and more serious of lies, which was aimed directly at the Court and its order. Contrary to what Steele believes, disregarding the Court Order and lying that you are in compliance because you think you know better than the Court is not a minor inconsistency and even if it was, the complaint should still be dismissed. The

Court's order was to name this Movant or dismiss, and Plaintiff claims Movant was not

named therefore it should be dismissed. I pray that the Court grant the sanction of

dismissal with prejudice and any other sanctions it sees fit not only as relief for Defendant

but to dissuade Steele from future fraud upon the court.


Dated: June 14, 2011                                      Respectfully submitted,
                                                          John Doe 68.239.158.137


                                                By:   /s/ John Doe 68.239.158.137
                                                                          Pro Se
                                                                        John Doe
                                                  JohnDoe68.239.158.137@mail.com


### Certificate of Service


I hereby certify that the foregoing DEFENDANT'S REPLY TO PLAINTIFF'S

RESPONSE IN OPPOSTION TO MOTION FOR SANCTION OF DISMISSAL WITH

PREJUDICE was sent to the Plaintiff's attorney John Steele at Steele Law Firm, LLC 161

N Clark St Ste 4700 Chicago, IL 60601 on June 14, 2011 via USPS Priority Mail.


                                                By:   /s/ John Doe 68.239.158.137
                                                                          Pro Se
                                                                        John Doe
                                                  JohnDoe68.239.158.137@mail.com


4