# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5603 | **DATE** | August 24, 2011 |
| **CASE TITLE** | *Millenium TGA, Inc. v. Doe* | | |

**DOCKET ENTRY TEXT**

The plaintiff is directed to file a memorandum no later than September 9, 2011, detailing how the information it has sought from the ISP will allow it to show that Doe IP Address 68.239.158.137's allegedly infringing activities were directed towards Illinois such that this court would have personal jurisdiction over Doe IP Address 68.239.158.137. The motion to quash and motion to dismiss are held in abeyance pending the court's review of the plaintiff's memorandum.

■[ For further details see text below.]

00:00

## STATEMENT

Doe IP Address 68.239.158.137 ("Doe defendant") has filed a motion to quash a subpoena issued to an internet service provider to turn over his identifying information and a motion to dismiss for lack of personal jurisdiction [73-1 and 81-1].

The plaintiff contends that the motion to quash the subpoena should be denied because the Doe defendant has not identified any proper basis for relief under Fed. R. Civ. P. 45. Regarding the motion to dismiss for lack of personal jurisdiction, the plaintiff's primary argument is that the movant cannot challenge personal jurisdiction at this time because he has not been named as a defendant. Specifically, the plaintiff states that "[i]n order to properly argue jurisdiction before this Court, Plaintiff needs at least to know Movant's identity." Resp. At 6, Dkt. #90. The plaintiff goes on to state that:

> Geolocation technology may indicate where a given computer device was at a particular date and time, but it does not contain other information about Movant's contacts with Illinois. After the identifying information has been obtained, interactions catalogued, and Movant has been properly named and served, and thus, finally made party to this proceeding, he can raise the same defense in his answer or by 12(b)(2) motion.

*Id*. In addition, the plaintiff states that "[d]iscovery from Movant's ISP will allow Plaintiff to show how Movant's infringing activities were directed towards this forum and bring him within the reach of this Court." *Id*. at 8. The discovery that the plaintiff is referring to relates to subpoenas it was granted leave to issue earlier in the case. In particular, the plaintiff was granted leave to subpoena various internet service providers to provide the name, address, telephone number, e-mail address and Media Access Control addresses for a universe of IP addresses associated with individuals who had allegedly illegally reproduced the plaintiff's

| STATEMENT |
|---|

adult entertainment movies.

Keeping in mind, as the plaintiff acknowledges, that geolocation technology allows a person to ascertain the city and state where a particular IP address is located, and taking judicial notice of the fact that geolocation technology indicates that IP Address 68.239.158.137 is located outside of Illinois, the plaintiff is directed to file a memorandum no later than September 9, 2011, detailing how the information it has sought from the ISP will allow it to show that Doe IP Address 68.239.158.137's allegedly infringing activities were directed towards Illinois such that this court would have personal jurisdiction over Doe IP Address 68.239.158.137.

The court notes that it cannot ignore the inconsistency of the plaintiff's position that the Doe defendant lacks standing to pursue a motion to dismiss for lack of personal jurisdiction because it has not been named or served, but at the same time refer throughout the second amended complaint to the "Defendant" who the plaintiff expressly identifies in the second amended complaint as the person with the Internet Protocol address 68.239.158.137. SAC, Dkt. #64, at ¶11-12. For all intents and purposes, the plaintiff has filed a complaint naming Doe IP Address 68.239.158.137 as a defendant. The plaintiff's contention otherwise does not make it so. *Lake v. Neal*, 585 F.3d 1059 (7th Cir. 2009) ("[I]f it walks like a duck, swims like a duck, and quacks like a duck, it's a duck.").

Finally, the court states that it is troubled by the plaintiff's current position that it needs the requested discovery from the ISP "in order to properly argue jurisdiction before this Court." Although plaintiff's counsel uses the word "argue," he clearly is attempting to obtain factual information necessary to contend that personal jurisdiction is proper in this district. However, plaintiff's counsel previously filed a second amended complaint bearing his electronic signature. In that filing, plaintiff's counsel alleged that "[o]n information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the Plaintiff exclusive rights owner, distributed and offered to distribute via the BitTorrent protocol Plaintiff's copyrighted works to computers and individuals that Defendant knew or should have known were located in this District." SAC, Dkt. #64, at ¶15. All of counsel's submissions are subject to Rule 11. Counsel cannot have it both ways: either he is aware of a good faith factual basis to file suit in this district or he is not. Counsel is reminded that it is improper to file suit and determine later if there is a good faith basis for personal jurisdiction. The court will initiate sanctions proceedings should it determine that plaintiff's counsel has failed to meet his obligations under Rule 11.

The motion to quash and motion to dismiss are held in abeyance pending the court's review of the plaintiff's memorandum.