IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | CASE NO. 10-cv-5603 |
| Plaintiff, | Judge: Hon. Blanche M. Manning<br>Magistrate Judge: Hon. Michael T. Mason |
| v. | **PLAINTIFF'S MEMORANDUM OF LAW** |
| DOE, | |
| Defendant. | |

On August 24, the Court queried how Plaintiff's discovery request will aid the determination of whether the Court may exercise personal jurisdiction in this case. Specifically, the Court directed Plaintiff to detail "how the information it has sought from the ISP will allow it to show that Doe IP Address 68.239.158.137's allegedly infringing activities were directed towards Illinois such that this court would have personal jurisdiction." (Order 2, Aug. 24, 2011, ECF No. 100.) The Court further noted an "inconsistency" in Plaintiff's distinction between the Doe Defendant in this action and the anonymous Movant who self-identifies as having IP address 68.239.158.137 in multiple filings. (*Id.*) The Court also took issue with Plaintiff's statement that discovery of identifying information is necessary "in order to properly argue jurisdiction." (*Id.*) This Memorandum addresses the Court's concerns.

The key information that will be gained through Plaintiff's ISP discovery request is the identity of the person who held an account with Verizon Online, LLC, which was assigned the IP address 68.239.158.137 on Oct. 24, 2010 at 12:36:57 PM UTC. Plaintiff observed unauthorized reproduction and distribution of its copyrighted Video occurring via that IP address on that time

and date. The Doe Defendant in this action is the as-yet-unidentified individual responsible for those infringing actions.

Part I explains the importance of distinguishing between the Doe Defendant and the pseudonymous Movant who self-identifies as having IP address 68.239.158.137. Part II explains the necessity of identifying the Defendant, both to the ultimate resolution of any questions concerning personal jurisdiction as well as to the ultimate resolution of this case. Until Defendant's identity is ascertained, neither Plaintiff nor the Court will know whose contacts to evaluate. Part III explains the good-faith factual basis for personal jurisdiction over the Doe Defendant.

## I. THE DISTINCTION BETWEEN A MOVANT AND THE DEFENDANT

The Court is dubious about Plaintiff's distinction between a *movant* and a *Defendant*: "For all intents and purposes, the plaintiff has filed a complaint naming Doe IP Address 68.239.158.137 as a defendant. The plaintiff's contention otherwise does not make it so." (Order 2, Aug. 24, 2011, ECF No. 100.) Plaintiff has indeed named a Doe Defendant associated with the IP address 68.239.158.137—but this does not make an anonymous movant who claims to have that IP address a proper Defendant under the Federal Rules of Civil Procedure.

Under the Federal Rules a nonparty—as here—can move to quash a subpoena under a claim of privilege or protection. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii). Nevertheless, the mere filing of a motion to quash does not confer party status. The only way to be made a party to a case is to be named in the complaint and served with process; unserved defendants are not "parties" to an action. *E.g.*, *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994). Only a party may make a pre-answer objection challenging personal jurisdiction. *See* Fed. R. Civ. P. 12(b).

Courts hearing similar actions have placed great importance on distinguishing between a movant and a defendant, even where—as here—the defendant has been identified by an IP address. Chief Judge Holderman emphasized this very distinction in a recent decision denying an analogous motion to dismiss for lack of personal jurisdiction as premature: "At this point in the litigation, the putative defendant has not been named as a party to this litigation, *other than through IP address 24.15.233.68*. . . . Unless and until [the movant] has been officially brought into this case, the question of personal jurisdiction remains unripe for resolution by the court." Order 1–2, *Hard Drive Prods., Inc. v. Does 1–44*, No. 11 C 2828 (N.D. Ill. Aug. 9, 2011), ECF No. 15 (emphasis added). In other words, a movant (or "putative defendant") is not a true party-defendant, even where he identifies himself by the same IP address named in the complaint. This Court has itself used this distinction, referring to a movant who identified himself by IP address 68.239.158.137 as a "potential Doe defendant" (Min. Entry, May 11, 2011, ECF No. 89.)

Movant is merely an anonymous individual who is attempting to quash a subpoena that would purportedly reveal his basic contact information. Unlike a defendant, Movant has not been named in the case and has not been served with process. Under the criteria established by the Federal Rules of Civil Procedure, Movant neither walks like a duck (i.e., has been named as a defendant) nor talks like a duck (i.e., has been served with process). Until Movant has been made a party to this case, he cannot move for dismissal from it. *E.g.*, *First Time Videos, LLC v. Does 1–500*, No. 10 C 6254, 2011 WL 3498227, at *9 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) (holding that movants' objections to personal jurisdiction "will be relevant once the Putative Defendants are named as parties" and that they "cannot be dismissed under Federal Rule of Civil Procedure 12(b)(2) from a lawsuit to which they are not yet parties.").

Generously assuming that Movant is the account holder of IP address 68.239.158.137—which will not actually be established until the ISP subpoena is returned—he may very well not ultimately be named as a defendant in this case. The popular media is replete with stories of third parties surreptitiously accessing the computer networks of others to commit illegal acts. *See, e.g.*, Order 2, *VPR Internationale v. Does 1–1,017*, No. 11-2068 (C.D. Ill. Apr. 29, 2011). Federal courts, both within the Northern District of Illinois and across the country, have recognized that a plaintiff retains full discretion over who it will actually name as Defendants after the conclusion of discovery from nonparty ISPs. *See* Order 2, *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011) (Lindberg, J.), ECF No. 19 ("The Does may raise these issues when plaintiff has named them as defendants, *if that action occurs*.") (emphasis added); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) (Howell, J.) ("[T]he plaintiff may, based on its evaluation of [putative defendants'] assertions, decide not to name these individuals as parties in this lawsuit. On the other hand, the plaintiff may decide to name them as defendants in order to have an opportunity to contest the merits and veracity of their defenses . . . ."). Only when Plaintiff has ascertained Movant's identity will Plaintiff be able to determine whether Movant will be named as the Defendant in this case.

The danger of allowing Movant to stand in the shoes of a Doe Defendant at this stage of the litigation becomes especially apparent when examined in the context of the Federal Rules of Civil Procedure ("FRCP"). Movant has already argued against the sufficiency of Plaintiff's pleadings, which would be a defense raised in a pre-answer motion under FRCP 12(b)(6) if Movant were a true party-defendant. (*See* ECF No. 81.) However, the FRCP require a proper 12(b) motion to be made by a party who has been named and served with process. FRCP

4

12(h)(1)(A) specifies that any defense listed in FRCP 12(b)(2)–(5) is waived if omitted from a pre-answer motion. The defenses subject to waiver include, *inter alia*, "insufficient process" and "insufficient service of process." Fed R. Civ. P. 12(b)(4)–(5). Movant *could not possibly raise these defenses* at this stage of the litigation when there is no service of process to challenge. Yet, the rules dictate that if Movant's motion is treated as including proper defenses under FRCP 12(b), the 12(b)(2)–(5) defenses not raised are nevertheless waived. While waiver of certain defenses may be a defensible legal strategy, it is not defensible for the Court to allow an anonymous individual, who may or may not be a Doe Defendant, to waive defenses on behalf of an unidentified Doe Defendant.

Plaintiff would respectfully note another problem with allowing a party like Movant to proceed anonymously in this case: a complete lack of consequences for misbehavior. Here, Movant has submitted sworn statements to this Court accusing Plaintiff's counsel of such misdeeds as, "intentionally committing fraud" (Mot. 2, May 27, 2011, ECF No. 91), "lying with the purpose of manipulating this Court to not dismiss the complaint" (Reply 1, May 27, 2011, ECF No. 93; Mot. 4, May 27, 2011, ECF No. 91), and committing "fraud on the Court." (Reply 14, June 1, 2011, ECF No. 94.) Although courts are encouraged to give *pro se* defendants wide latitude, this latitude is obviously not infinite. Movant's statements are of a character and quality that would invite punishing sanctions—if he were not operating under the cover of anonymity. The very reason courts have historically enforced transparency and openness in the judicial process is to prevent the subversion of justice. Here, this anonymous person can say anything he or she wishes—with impunity—as this court does not know who drafted the pleadings.

5

## II.   THE IMPORTANCE OF DISCOVERY OF IDENTIFYING INFORMATION

The ISP subpoena request will allow Plaintiff to determine who to name as a Defendant in this action. It will also allow the Court to resolve objections to the Court's exercise of jurisdiction once a Defendant has been named. Until the identity of a Defendant has been ascertained, neither Plaintiff nor the Court can know whose contacts to evaluate. For this reason, courts defer a personal jurisdiction analysis until a defendant has been named and served with process. *First Time Videos, LLC v. Does 1–76*, No. 11 C 3831, 2011 WL 3586245, at *5 (N.D. Ill. Aug. 16, 2011) (Bucklo, J.) (denying motions to dismiss for lack of personal jurisdiction by anonymous movant for the reason that such questions are premature); *First Time Videos, LLC v. Does 1-500*, No. 10 C 6254, 2011 WL 3498227, at *9 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) (same); Order 1–2, *Hard Drive Prods., Inc. v. Does 1–44*, No. 11 C 2828 (N.D. Ill. Aug. 9, 2011) (Holderman, C.J.), ECF No. 15 (same); Order 2, *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011) (Lindberg, J.), ECF No. 19 (same); *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at*2 (N.D. Ill. June 9, 2011) (Kendall, J.) (same); *MCGIP, LLC v. Does 1–18*, No. C-11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (same); *Donkeyball Movie, LLC v. Does 1–171*, No. 10-1520 (BAH), 2011 WL 1807452, at *8–9 (D.D.C. May 12, 2011) (Howell, J.) (same); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *9 (D.D.C. May 12, 2011) (same); *Call of the Wild Movie, LLC v. Does 1–1,062*, No. 10-455 (BAH), 2011 WL 996786, at *7–10 (D.D.C. Mar. 22, 2011) (same); *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) (same); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record); *Webster Industries v. Northwood Doors.*, 234 F. Supp. 2d 981, 987–88 (N.D. Iowa 2002)

(denying a *named* defendant's attempt to contest service of process and jurisdiction where plaintiff had notified defendant of its intent to file an application for default judgment, noting that plaintiffs had not taken any actions invoking the court's personal jurisdiction over the defendant).

### III. PLAINTIFF'S BASIS FOR PERSONAL JURISDICTION

The Court threatened to initiate sanctions proceedings if it determines that Plaintiff's counsel lacked a good faith basis for stating the following:

> "[o]n information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the Plaintiff exclusive rights owner, distributed and offered to distribute via the BitTorrent protocol Plaintiff's copyrighted works to computers and individuals that Defendant knew or should have known were located in this District."

(Order 2, Aug. 24, 2011, ECF No. 100.) The individual that committed copyright infringement via IP address 68.239.158.137 participated in the swarm of computers that was formed to distribute Plaintiff's work. The swarm included computers from the Chicago area (based on geolocation of IP addresses observed by Plaintiff's agents) and also included certain of Plaintiff's agents' monitoring computers, which were also located in the Chicago area. In addition, the individual was using the BitTorrent protocol to distribute data. The manner in which the individual utilized BitTorrent caused him to direct infringing activity into every District in the United States, including this one. *See, e.g.*, *Call of the Wild Movie*, 2011 WL 996786, at *9 (D.D.C. Mar. 22, 2011). As the Third Circuit has stressed, those transmitting copyrighted works nationwide "can anticipate that infringement may result at places remote" from the place of origin. *Edy Clover Prods., Inc. v. Nat'l Broad. Co.*, 572 F.2d 119, 120 (3d Cir. 1978).

## IV. CONCLUSION

The Honorable Judge William H. Alsup of the Northern District of California struck an anonymous movant's motion in a copyright infringement case because it was failed to comply with Rule 11's signature requirements. Order Striking Mot. to Dismiss, *IO Group, Inc. v. Does 1–244*, No. C 10-03647 WHA (N.D. Cal. May 10, 2011) ("*There is no way to determine whether the motion was filed by a real party in interest or a stranger to the litigation.* As such, the filing is improper. . . . If Possible John Doe wishes to appear in this action anonymously or otherwise, he or she must follow the proper procedures for doing so.") (emphasis added). The wisdom of Judge Alsup's order is clear.

                Respectfully submitted,

                MILLENNIUM TGA, INC.

**DATED:** September 2, 2011

        By:    /s/ John Steele
                John Steele (Bar No. 6292158)
                Steele Hansmeier PLLC
                161 N. Clark St.
                Suite 4700
                Chicago, IL 60601
                312-880-9160; Fax 312-893-5677
                jlsteele@wefightpiracy.com
                *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 2, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ John Steele
JOHN STEELE