**FILED**
SEP 1 3 2011
SEP 13 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Millennium TGA, INC. | ) | Case No.: 10-CV-05603 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Judge: Blanche M. Manning |
| | ) | |
| DOE | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION FOR SANCTION OF DISMISSAL WITH PREJUDICE

Now comes Defendant, John Doe 68.239.158.137, to move that the court dismiss this complaint with prejudice for fraud upon the court and on the grounds that Plaintiff's attorney's conduct constitutes unclean hands and bars equitable remedy.

"Federal [and State] Courts have the inherent power to dismiss an action for misconduct that abuses the judicial process and threatens the integrity of the process - **including misconduct unrelated to the merits of the case**." Vargas v. Peltz, 901 F.Supp 1572 (S.D. Fla. 1995); Link v. Wabash Railroad Co., 370 U.S. 626, 633, 82 S.Ct 1386, 1390, 8 L.Ed.2d 734 (1962). [emphasis added]

"Litigants must know that the courts are not open to persons who would seek justice by fraudulent means." Vargas, supra.

1

## I. PLAINTIFF'S ATTORNEY INTENTIONALLY COMMITTED FRAUD

As required for fraud upon the court, the fraud was committed by an officer of the court, the Plaintiff's attorney. It is John Steele's name signed to the First Amended Complaint, which claimed that "Each of the creative works at issue in this action, including the applicable *Shemale Yum, Trannies From Hell,* and *Shemale Pornstar* collections has an application for registration pending in the United States Copyright Office." I have already requested dismissal as Plaintiff **still** does not have a movie called "Jizelle" registered with copyright.gov. I recently discovered "Buddy Wood's Shemale Cuties Who Love It Up Their Booties," of which 138 IP addresses were accused of infringing, only recently became protected "Registration Number / Date: PA0001733524 / 2011-02-22" (copyright.gov). Registrations dates are assigned based on when an application is received, regardless how long processing takes. This mean the copyright office did not receive the application until 3½ months after Steele filed the First Amended Complaint (2010-11-08) swearing "registration pending." Not even the pony express takes 3½ months to deliver a package, meaning the application wasn't even mailed before filing the complaint as is the bare minimum in any Court Circuit. Apparently, Steele considers contemplating mailing said application to mean "registration pending." In Document #: 36-1 Filed: 03/02/11, two IP addresses 24.191.4.176 and 98.117.105.179 accused of downloading said movie were voluntarily dismissed with prejudice only 11 days after registration. We can extrapolate that not only did Steele received settlements

prior to registration, but that without a doubt the settlement letter scaring them and others into settling was sent well before registration. The point is not only should discovery not have been allowed in the first place allowing Steele to send these settlement letters, but worse Steele gets settlements of $2,900 by threatening statutory damages of up to $150,000 (http://torrentfreak.com/the-anatomy-of-a-bittorrent-piracy-settlement-110606/). In other words, he not only lied to the Court that registration was pending, he used the Court to intimidate Defendants with false penalties. These two defendants who most likely settled for $2,900, which seems to be a default number Steele uses, allegedly downloaded on Oct 31 and Nov 7 that means they were only liable for actual damages. This is a serious fraud, which appears to be malicious and with the intent to profit from ill gains. It is certainly not good faith and at a minimum Steele should reimburse those who he misled in regards to the charges and penalties. Finally, if Steel lied about this registration it stands to reason he also lied about the registration of the movie "Jizelle" which still has not been processed nearly a year after Steel claimed "registration pending." Furthermore if and when if "Jizelle" ever does get registered it will logically have and even later date of registration possibly even after the Second Amended complaint was filed, in which Steele still swore registration was pending.

## CONCLUSION

This is undeniable proof that Steele is not acting in good faith and has unclean hands.

Allowing this complaint to stand is no different than granting a search warrant after the search (i.e., discovery) already occurred. Despite what Steele believes there is nothing in Rule 11 which precludes the Court imposing sanctions before a party has been served. Furthermore, and most importantly the law is not intended nor designed to be a cold thoughtless bureaucracy doling out judgments based on technicalities. There's a reason its founders specifically called for "fundamental fairness." And no one can tell me that if I had this many lies, or "inconsistencies" as Steele likes to call them, that I wouldn't have the proverbial book thrown at me. The Court should do the same to John Steele.

Respectfully submitted,<br>
John Doe 68.239.158.137<br><br>
By: /s/ John Doe 68.239.158.137<br>
Pro Se<br>
John Doe<br>
JohnDoe68.239.158.137@mail.com

## Certificate of Service

I hereby certify that the foregoing MOTION FOR SANCTION OF DISMISSAL WITH PREJUDICE was sent to the Plaintiff's attorney John Steele at Steele Hansmeier PLLC, 1111 Lincoln Rd, Suite 400 Miami Beach, FL 33139 on Sept. 8, 2011 via USPS Priority Mail.

By: /s/ John Doe 68.239.158.137<br>
Pro Se<br>
John Doe<br>
JohnDoe68.239.158.137@mail.com