# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5603 | **DATE** | September 26, 2011 |
| **CASE TITLE** | *Millenium TGA v. Doe* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, this case is dismissed for lack of personal jurisdiction and improper venue. All pending motions are denied as moot. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

■[ For further details see text below.]

00:00

## STATEMENT

　　In its order of March 31, 2011, the court severed all other "potential" defendants except IP number 68.239.158.137 and directed the plaintiff to either file suit against potential defendant IP number 68.239.158.137, who is located outside of Illinois, or dismiss the case by April 11, 2011. Contrary to the court's direction, the plaintiff filed a second amended complaint but did not name IP 68.239.158.137 as a defendant and instead named only "Doe." According to the SAC, "Plaintiff believes that the Defendant's true identity will be revealed in discovery, at which time Plaintiff will seek leave of the Court to amend his Complaint to state his identity, if necessary." SAC, Dkt. # 64 at ¶ 12.

　　In the SAC, the plaintiff alleges that "[o]n information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the Plaintiff exclusive rights owner, distributed and offered to distribute via the BitTorrent protocol Plaintiff's copyrighted works to computers and individuals that Defendant knew or should have known were located in this District." SAC, Dkt. #64, at ¶15. Doe IP Address 68.239.158.137 subsequently filed a motion to quash a subpoena issued to an internet service provider to turn over his identifying information and a motion to dismiss for lack of personal jurisdiction [73-1 and 81-1]. In an order dated August 24, 2011, the court directed the plaintiff to file a memorandum no later than September 9, 2011, detailing how the information it has sought from the ISP, given that geolocation technology indicates that Doe IP Address 68.239.158.137 is located outside of Illinois, will allow it to show that Doe IP Address 68.239.158.137's allegedly infringing activities were directed towards Illinois such that this court would have personal jurisdiction over Doe IP Address 68.239.158.137. Although the plaintiff filed a response, it failed to provide any of the requested detail regarding personal jurisdiction; accordingly, the case is dismissed for lack of jurisdiction and improper venue, as described more fully below.

**STATEMENT**

The Seventh Circuit's decision in *be2 LLC v. Ivanov*, 642 F.3d 555 (7th Cir. 2011), provides assistance in analyzing personal jurisdiction in this case. In *be2 LLC,* one online matchmaking service sued another for trademark infringement. The defendant allegedly was operating a matchmaking website, be2.net, which was confusingly similar to the plaintiff's website, be2.com. After the district court granted default judgment against the defendant, he appealed arguing that the district court lacked personal jurisdiction over him.

The *be2 LLC* court first noted that because the Lanham Act does not provide for nationwide service of process, "a federal court sitting in Illinois may exercise jurisdiction over [the defendant] in this case only if authorized both by Illinois law and by the United States Constitution," and that "the Illinois long-arm statute, in turn, permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States." *be2 LLC*, 642 F.3d at 558 (citation omitted). The analysis is the same in this case as the Copyright Act also does not provide for nationwide service of process. *Janmark v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997).

In considering the defendant's position regarding jurisdiction, the Seventh Circuit noted that the "inquiry boils down to this: has [the defendant] purposely exploited the Illinois market?" *be2 LLC*, 642 F.3d at 558. It further noted that "[b]eyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way *target* the forum state's market." *Id*. at 558-59 (citations omitted) (emphasis in original). "If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *Id.* (citations omitted). The Seventh Circuit concluded that the lack of "evidence of any interactions between [the defendant] and the be2.net members with Illinois addresses" along with "the minuscule number of [Illinois] registrants [20]" indicated that the defendant had not availed himself of the privilege of doing business in Illinois. *Id*. at 559.

Although specifically directed to "detail" how obtaining the name and address associated with Doe IP 68.239.158.137 would allow it to show how the movant's infringing activities were directed towards this forum and bring him or her within this court's jurisdiction, as the plaintiff argued in response to the motion to quash, the plaintiff failed to do so. The plaintiff's total response to this aspect of the court's order is as follows:

> The ISP subpoena request will allow Plaintiff to determine who to name as a Defendant in this action. It will also allow the Court to resolve objections to the Court's exercise of jurisdiction once a Defendant has been named. Until the identity of a Defendant has been ascertained, neither Plaintiff nor the Court can know whose contacts to evaluate.

Plaintiff's Memorandum in Response to Court's Order of August 24, 2011, Dkt. #101.

This is insufficient. There is simply no indication that Doe IP 68.239.158.137 purposely exploited or targeted the Illinois market, let alone the Northern District of Illinois, such that specific personal jurisdiction is appropriate. *See CP Productions, Inc v. Does 1-300*, No. 10 C 6255, February 24, 2011, order, Dkt. #32 (N.D. Ill.) (Shadur, J.) (denying motion for reconsideration of the court's earlier order dismissing without prejudice all 300 Doe defendants in part because "there is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist."). *See also Digiprotect USA Corp. v. Does 1-266*, No. 10 Civ. 8759 (TPG), 2011 WL 1466073, at *4 (S.D.N.Y. Apr. 13, 2011) (("Digiprotect has made no showing that any of the Doe defendants [who allegedly illegally downloaded and shared a pornographic film via peer-to-peer file sharing networks] expected or

**STATEMENT**

reasonably should have expected their downloading of this film to have consequences in New York, particularly when the producer of the film is located in California."); *West Coast Productions, Inc. v. Does,* 1-2010, No. 3:10-cv-00093-JPB (N.D. W.V. Dec. 16, 2010) (severing all Does except the first from the action and allowing the plaintiff to file amended complaints only against individual Does with IP addresses located within the State of West Virginia).

Indeed, despite the plaintiff's generalized assertions that IP 68.239.158.137 "participated in a swarm of computers that was formed to distribute Plaintiff's work," another court has recently expressed concern regarding this argument:

> Plaintiff also asserted that by virtue of their "swarming" activity, the out-of-state defendants have engaged in concerted activity with the California defendants. The problem with this theory is that since plaintiff could have filed this lawsuit in any state, the logical extension would be that everybody who used P2P software such as BitTorrent would subject themselves to jurisdiction in every state. This is a far cry from the requirement that "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State," which is the hallmark of specific jurisdiction. *See, e.g., Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(quotations and citations omitted); *Schwarzenegger v. Ford Martin Motor Co.,* 374 F.3d 797, 801–802 (9th Cir. 2004).

*On the Cheap. LLC. v Does* 1-5011, --- F. Supp.2d ----, 2011 WL 4018258, at *4 (N.D. Cal. Sept. 6, 2011) (footnote omitted). This court agrees with this reasoning and finds that simply because the Doe IP 68.239.158.137 participated in a swarm does not confer personal jurisdiction. This is true particularly in this case where, in its first amended complaint, the plaintiff identified the IP addresses that it believed had engaged in infringing activity. *See* Amended Complaint, Dkt. #21, Exh. A. The list in Exhibit A identified the IP address, the date and time of the alleged infringing activity and the torrent (*i.e*, the movie that was being distributed). As noted by Doe IP 68.239.158.137, who is alleged to have distributed the movie "Jizelle," one can ascertain through geolocation technology that the other IP addresses who allegedly participated in the torrent for "Jizelle" (*i.e.*, distributed the movie "Jizelle"), are located *outside* of Illinois. Accordingly, the court concludes that personal jurisdiction does not exist over Doe IP 68.239.158.137. Given that the court has previously found that the plaintiff named Doe IP 68.239.158.137 as a defendant despite the plaintiff's insistence to the contrary, the case is dismissed for lack of personal jurisdiction.

Moreover, the court notes that the personal jurisdiction analysis is directly tied to the determination of whether venue is appropriate. Under 28 U.S.C. § 1400(a), "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." "[V]enue is proper [under § 1400(a)] in the Northern District of Illinois only if defendant . . . would be subject to personal jurisdiction in this district." *Paramount Pictures Corp. v. Behnke*, No. 94 C 6878, 1995 WL 399494, at *1 (N.D. Ill. June 29, 1995) (citing *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 445 (7th Cir. 1993)). Given that the plaintiff has failed to allege facts demonstrating that personal jurisdiction is proper in this district, the court also concludes that venue in this district is improper. The clerk is directed to terminate this case from the court's docket. All pending motions are denied as moot.